HASTINGS & AVOCA R. R. Co. v. MILES ET AL.

1. **Contract**: CONDITIONS: SPECIFIC PERFORMANCE. Evidence considered and held to establish certain conditions upon which an agreement to convey right of way to a railroad company was signed, and that such conditions had not been complied with.

*Appeal from Pottawattamie Circuit Court.*

SATURDAY, JUNE 18.

ACTION in chancery to enforce the specific performance of a contract to convey the right of way for plaintiff's railroad over certain lands owned by defendant. Upon a trial on the merits, the petition was dismissed. Plaintiff appeals.

*Wright & Baldwin*, for appellant.

*Frank Shinn* and *Watkins & Williams*, for appellee.

BECK, J.—I. The petition alleges that defendant Miles executed a written contract to convey to plaintiff the right of way over certain lands upon the completion of the grading of the railroad; that the road-bed has been graded and defendant refuses to execute a deed conveying the right of way, and has instituted proceedings to assess his damages, resulting from the appropriation of the land for the use of the right of way of plaintiff's railroad. The sheriff, who is conducting the proceedings of *ad quod damnum,* is made a defendant, and the petition prays that defendants be restrained from further prosecuting the proceedings, and defendant Miles be required to specifically perform his contract to convey the right of way.

The defendant Miles admitted that he executed the contract set out in the petition, but alleged that it did not when he signed it contain a description of the land owned by him; that it was never by him delivered, and the possession thereof was fraudulently obtained by plaintiff; that the conditions

upon which it was to be delivered had not been performed; that defendant had withdrawn the contract before it had reached plaintiff's hands on the ground of the non-performance by plaintiff of its terms and conditions, and that of all these things plaintiff had full notice before the contract was received by them.

II.   The following points of inquiry, in our opinion, lead to the determination of the case, viz:   1.   What were the 1. CONTRACT: conditions coupled with the contract, upon which conditions: specific per- it was executed by defendant?   2.   Were these formance. conditions performed?   Did defendant withdraw his proposition to become bound by the contract upon the conditions accompanying it, after the non-performance of these conditions:   4.   Did plaintiff have notice of defendant's withdrawal of his proposition?

The evidence, we think, shows that defendant executed the contract upon the condition that a subscription should be raised to aid the building of the railroad in the sum of $1,500, which, with the contract and others of like character, plaintiff should accept as a consideration of the location of the railroad upon a certain line.   The plaintiff refused to receive a subscription of $1,500, and demanded that it should amount to $2,000.   Thereupon defendant declared to the party holding the contract that he would not assent to the plaintiff's proposition, and that he would withdraw his proposition and contract to give the right of way.   The preponderance of proof establishes that defendant's contract was executed upon these conditions, which were not complied with.

Plaintiff insists that the contract of defendant was independent of, and had no connection with, the subscription. We think this proposition is not sustained by the proof, and moreover, is unreasonable.   It is not denied that the contract was executed as a part of the consideration for the location of the railroad.   Now, surely, if the contract and others of the same kind, with a subscription of $1,500, was not sufficient to induce the plaintiff to locate the road as required,

this contract alone could not be so regarded. If the contract was independent of the subscription, it of course constituted alone a consideration for the location of the road. This leads to an absurd result. and is in conflict with the drift of all the evidence.

III.' The refusal of plaintiff to accept the contract and a subscription of $1,500 constituted a non-performance of the condition upon which defendant signed the contract.

IV. The preponderance of the evidence clearly shows that defendant did proclaim to the parties who had the custody of the contract, that he withdrew his assent to its delivery to plaintiff, and that as it was not accepted under the terms upon which it was executed. he would not regard himself as bound by it.

The preponderance of the evidence satisfactorily shows that the parties who held the contract before it came into the hands of plaintiff, one of whom it is claimed was plaintiff's agent, had notice of defendant's repudiation of his proposition and the contract. That plaintiff had full notice thereof, there can be no doubt. It is clearly shown that plaintiff was informed before the contract came into its hands, that defendant claimed he was not to be bound by it and would refuse to perform it, and plaintiff agreed, at the time the contract was delivered to it, to conduct a suit against defendant to recover upon the contract. This was demanded by other parties who became bound to furnish the subsidy to the railroad company.

We reach the conclusion, which is based upon the evidence, that the conditions upon which plaintiff executed the contract were not performed, and that defendant thereupon withdrew his assent to the delivery of the writing, and proclaimed that he would not be bound thereby. Of all this plaintiff had full notice when the contract came into its hands.

AFFIRMED.